UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DANIEL TEW,

                        Plaintiff,                                **COMPLAINT**

    -against-

EAST END MATERIALS, INC. and
JAMES FUNFGELD,

                        Defendants.
-----------------------------------------------------------------------X

       Plaintiff, DANIEL TEW ("Plaintiff"), by and through its counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, EAST END MATERIALS, INC. and JAMES FUNFGELD (collectively as "Defendants"), alleges as follows:

## NATURE OF THE CLAIM

       1.     Plaintiff brings this action to recover unpaid premium overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

       2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

       3.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

       4.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omission giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

5. Defendant, EAST END MATERIALS, INC., is a domestic business corporation with offices at 31 Old Dock Road, Yaphank, New York 11980.

6. At all relevant times, EAST END MATERIALS, INC. was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

7. At all times relevant, Defendant, EAST END MATERIALS, INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and New York State Labor Law § 190(3).

8. Defendant, JAMES FUNFGELD, is and/or was an officer or owner of EAST END MATERIALS, INC., had authority to make payroll and personnel decisions for the corporation, was active in the day to day management of the corporation, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law.

9. Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and New York State Labor Law § 190(2).

## FACTS

10. Plaintiff was employed by Defendants from in or about October 2016 to in or about August 2019.

11. Plaintiff regularly worked in excess of 40 hours per week, but Defendants failed to pay Plaintiff at a rate not less than one and one-half times his regular rate of pay for all hours worked after 40 hours per workweek.

12. From in or about March 2018 to in or about November 2018, Defendants used a double book system and paid Plaintiff with two separate checks each pay period in order to circumvent their obligation to pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay for hours worked after 40 hours in a single workweek.

13. For example, during the period April 11, 2018 to April 17, 2018, Plaintiff worked at least 71.66 hours. On April 20, 2018, Defendants issued two separate paychecks to Plaintiff for this pay period: one check compensating Plaintiff for 40 hours worked at his regular hourly rate of $64.40 and one check compensating Plaintiff for 31.66 hours worked at $50.00 per hour.

14. As further example, during the period of July 18, 2018 to July 24, 2018, Plaintiff worked at least 55 hours. On July 27, 2018, Defendants issued two separate paychecks to Plaintiff for this pay period: one check compensating Plaintiff for 40 hours worked at his regular hourly rate of $66.00 and one check compensating Plaintiff for 15 hours worked at $50.00 per hour.

15. From in or about November 2018 to in or about August 2019, Defendants paid Plaintiff for up to 40 hours per week by check at his regular hourly rate of pay. Defendants paid Plaintiff for hours worked after 40 hours per week in cash at a reduced hourly rate of $40.00.

16. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon hire as required by New York Labor Law § 195(1).

17. Defendants failed to provide Plaintiff with accurate statements of his wages earned, including his correct hourly rates of pay and the amount of regular, and overtime hours worked, each pay period as required by New York Labor Law § 195(3).

### FIRST CLAIM FOR RELIEF
### (FLSA OVERTIME WAGES)

18. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

19. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

20. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

21. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

22. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (NYLL OVERTIME WAGES)

23. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

24. Defendants employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate the Plaintiff for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

25. Defendants' violations of the New York Labor Law as described in this Complaint have been willful and intentional.

26. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### (NYLL WAGE NOTICE VIOLATION)

27. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

28. Defendants failed to provide Plaintiff with written notice upon hire regarding his rate of pay; the basis of their rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195(1) of the New York Labor Law.

29. Due to Defendants' failure to provide Plaintiff with the notice required by Section 195(1) of the New York Labor Law, Plaintiff is entitled to statutory damages, reasonable attorneys' fees and costs of the action.

### FOURTH CLAIM FOR RELIEF
### (NYLL WAGE STATEMENT VIOLATION)

30. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

31. Defendants failed to provide Plaintiff with accurate statements of his wages earned, including the correct hourly rates of pay and th eamount of regular, and overtime hours worked, each pay period as required by New York Labor Law § 195(3).

32. Due to Defendants' failure to provide Plaintiff with an accurate wage statement with his wages as required by New York Labor Law § 195(3), Plaintiff is entitled to statutory damages, reasonable attorneys' fees and costs of the action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.*;

ii. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

iii. Unpaid wages pursuant to Labor Law § 650 *et seq.*, and Department of Labor Regulations, plus liquidated damages;

iv. Damages pursuant to Labor Law §198;

v. Pre- and post-judgment interest as permitted by law;

vi. All attorneys' fees and costs incurred in prosecuting these claims; and

vii. Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
January 26, 2020

LAW OFFICE OF PETER A. ROMERO PLLC

*/s/ Peter A. Romero*

By: _____
Peter A. Romero, Esq.
825 Veterans Highway, Suite B
Hauppauge, NY 11788
(631) 257-5588
Promero@RomeroLawNY.com